**Opinion issued July 25, 2024**



In The

# Court of Appeals

### For The

## First District of Texas

_____

### NO. 01-24-00489-CV

_____

## IN RE LILIANA RUELAS FERNANDEZ, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Liliana Ruelas Fernandez, has filed a petition for a writ of mandamus, asserting that the trial court has "failed to rule within a reasonable time" on her "show cause application."[1]  Subsequently, while relator's petition for writ of mandamus was pending, the trial court filed a letter together with an order, signed

---

[1]  The underlying case is *In the Estate of Luis Jaime Fernandez Lopez, also known as Jaime Fernandez, Deceased*, Cause No. 509,162, in the Probate Court No. 2 of Harris County, Texas, the Honorable Pamela Medina presiding.

on July 5, 2024, granting relator's show cause application.  And a supplemental clerk's record, containing the trial court's July 5, 2024 order granting relator's show cause application, was filed in this Court.  As such, the record reflects that the trial court has ruled on relator's show cause application.

This Court "cannot decide a case that has become moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.) ("If a proceeding becomes moot, the court must dismiss the proceeding . . . .").  Because relator has received the relief requested in her petition for writ of mandamus, i.e., a ruling by the trial court on her show cause application, the petition for writ of mandamus is now moot and must be dismissed. *See In re Johnson*, 599 S.W.3d 311, 312 (Tex. App.—Dallas 2020, orig. proceeding); *In re Jackson*, No. 01-12-00020-CV, 2012 WL 405707, at *1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, orig. proceeding) (mem. op.) (dismissing mandamus petition as moot after relator received relief requested).

On July 16, 2024, the Clerk of this Court notified relator that the Court may dismiss her petition for writ of mandamus as moot unless she filed a response, demonstrating that the proceeding is not moot within ten days of the date of the notice.  In her response, relator agreed that her petition for writ of mandamus was moot.

Accordingly, we dismiss the petition for writ of mandamus as moot. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.